UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  12-22184-CIV-MORENO

AMY HOWARD and KENNETH HOWARD,

      Plaintiffs,

vs.

KERZNER INTERNATIONAL LIMITED, a
Bahamian company; KERZNER
INTERNATIONAL BAHAMAS LIMITED, a
Bahamian company; ISLAND HOTEL
COMPANY LIMITED, a Bahamian company;
PARADISE ISLAND LIMITED, a Bahamian
company,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART

THIS CAUSE came before the Court upon Defendants Kerzner International Limited,
Kerzner International Bahamas Limited, Island Hotel Company Limited, and Paradise Island
Limited's Motion to Dismiss **(D.E. No. 22)**, filed on **February 11, 2013**. The motion is now fully
briefed and is ripe for review. The Court has carefully considered the motion and the record and is
otherwise fully advised in the premises. For the following reasons, the Court GRANTS Defendants'
motion to dismiss as to Plaintiff Kenneth Howard on the grounds of the forum selection clause. The
Court DENIES the motion as to Amy Howard on the grounds of the doctrine of *forum non
conveniens*, allowing Defendants leave to re-file this motion after the discovery period. Defendants
must file their answer to Plaintiffs' complaint by **October 11, 2013**.

## I. Background

Plaintiffs Amy and Kenneth Howard, citizens and residents of North Carolina, filed a two count complaint against Defendants on June 11, 2012, requesting relief for personal injuries allegedly suffered by Amy Howard as a result of consuming fish with ciguatoxins at a restaurant in the Bahamas owned and operated by Defendants. Plaintiffs allege that Defendants were negligent in selecting, selling and distributing fish known to carry ciguatoxins. Plaintiffs further allege that as a result of Amy Howard's injuries, her husband Kenneth Howard has suffered the diminishment of his wife's companionship, society and consortium. On November 30, 2012, Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. Rule 12(b)(3), the doctrine of *forum non conveniens*, and Fed. R. Civ. P. Rule 12(b)(6).

The fish alleged to have caused Plaintiff Amy Howard's illness were purchased in the Bahamas and were prepared and served by Bahamian employees of Atlantis Resort at the Mesa Grill restaurant. Both Plaintiffs were guests at the Atlantis Resort in the Bahamas at the time of the incident and were subject to a contractual agreement directing that any claims arising from their stay in the Bahamas would be brought, if at all, exclusively before a court located in the Bahamas. Neither of the Howard Plaintiffs claims to have knowledge of the forum selection clause prior to the lawsuit. However, when checking in to the resort in the Bahamas, Plaintiff Kenneth Howard signed an agreement entitled "Acknowledgment, Agreement and Release" that reads, in pertinent part:

> "I agree that any claims I may have against the Resort Parties resulting from any events occurring in the Bahamas shall be governed by and construed in accordance with the laws of the Commonwealth of the Bahamas, and further, I irrevocably agree to the Supreme Court of the Bahamas as the exclusive venue for such proceedings whatsoever." (Ex. 1).

Mr. Howard indicated on the guest registration forms containing this clause that Amy

Howard was a guest traveling with him; according to her Affidavit, Amy personally did not sign this form or read its forum selection clause. The vacation that gave rise to this suit was the first occasion on which Kenneth Howard stayed at the Atlantis. Amy Howard had stayed at the Atlantis resort twice previously. Neither Plaintiff had been personally responsible for the arrangement of the travel plans during any of these stays. Amy had joined first her friend and then her mother on vacations at the Atlantis prior to the vacation giving rise to the suit at bar. She had not made the arrangements for either stay and therefore never received notice regarding a forum selection clause in connection with the arrangement or registration during these stays. Amy asserts that she had not had opportunity to review the forum selection clause at any point prior to the incident giving rise to this suit. *See* Aff. A. Howard, pp. 3, ¶¶ 9-16 and Aff. K. Howard, pp. 2, ¶¶ 4-5.


## II. Standard of Review

Under Rule 8, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss under Rule 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state

a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In other words, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Twombly*, 550 U.S. at 556.

### III. Analysis

#### A. Forum Selection Clause

In the Eleventh Circuit, a motion to dismiss on the basis of a forum selection clause is brought pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure as a motion to dismiss for improper venue. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998). Federal courts have long recognized that mandatory forum selection clauses are presumptively valid and enforceable and warrant dismissal in favor of a contractually-mandated foreign forum. *M/S Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 10 (1972). Determining the reasonableness of a forum selection clause is a fact-specific inquiry to be made on a case-by-case basis. *Sun Trust Bank v. Sun Int'l. Hotels Ltd.*, 184 F. Supp. 2d 1246, 1258 (S.D.Fla. 2001).

Federal courts use an established test to determine whether an otherwise valid forum selection clause should be found unreasonable and unenforceable. A forum selection clause will be held "unreasonable" in four circumstances: (1) when the formation of the clause was induced

by fraud or overreaching; (2) when the plaintiff would be deprived of her day in court because of inconvenience or unfairness; (3) when the chosen law would deprive the plaintiff of a remedy; or (4) when enforcement of the provisions would contravene public policy. *Lipcon*, 148 F.3d at 1292; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991). The burden is on the Defendants to show that the Plaintiffs were given notice as to the contents of the forum selection clause before arriving at the Atlantis. *Lipcon*, 148 F.3d at 1292.

When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *See Holtzman v. B/E Aerospace, Inc.*, No. 08-80748, 2008 WL 214715, at *2 (S.D. Fla. Jan. 24, 2008) (citation omitted). Plaintiffs Amy and Kenneth Howard argue the forum selection clause in question is unenforceable as to both of them because they were not provided advance notice of the clause prior to their time of check-in. (Pl.Mot.2). However, Kenneth Howard admits to signing their guest registration papers, which contained the forum selection clause, without protest. *See* Aff. A. Howard, pp. 3, ¶ 16 and Aff. K. Howard, pp. 2, ¶¶ 4-5.

The Court finds that Plaintiff Kenneth Howard was provided with a meaningful opportunity to consider and reject the terms of the forum selection clause and thus must be held to the terms of the valid clause, which he signed. However, Plaintiffs convincingly demonstrate that Amy Howard should not be held subject to a forum selection clause that she did not personally affirm. At check-in, Kenneth Howard alone signed the guest registration papers. *See* Aff. A. Howard, pp. 3, ¶ 16 and Aff. K. Howard, pp. 2, ¶ 4-5. Although Amy had two prior visits to the resort in question, neither trip put her on notice as to the resort's forum selection clause. In 2000, Amy's mother, Jennie Simmons planned the trip and booked the rooms; in

2003, Amy stayed with a friend, Emily Stallings, who planned the trip and booked the rooms. *See* Aff. A. Howard, pp. 3 and ¶ 12-16. If the Kerzner Defendants sent e-mails or regular mail to any of the Plaintiffs' parents and friends, these pieces of correspondence were not sufficient to put either Plaintiff on notice regarding the reservations in general or the forum selection clause in particular.

Courts in the Southern District have recognized situations where forum selection clauses are enforceable when plaintiffs admit to having had prior opportunity to read them. *See, e.g.*, *Miyoung Son v. Kerzner Int'l Resorts*, No. 07-61171, 2008 WL 4186979 (S.D. Fla. Sept. 5, 2008); *see also Horberg v. Kerzner Int'l Hotels, Ltd.*, No. 07-20250, 2007 WL 7274825, at *3 (S.D. Fla. Aug. 6, 2007). Defendants rely on the *Miyoung Son* case in support of their notice argument. The case is distinguishable from the case at bar, however. Unlike Amy and Kenneth Howard, who did not personally arrange any of their travels to the Bahamas, the plaintiffs in *Miyoung Son* personally booked their vacations and received notice via personal e-mail. *Miyoung Son*, 2008 WL 4186979, at *4. In that case, the plaintiffs conceded that Ms. Son received two emails from the defendants containing a forum selection clause and other relevant information shortly after the trip was booked. *Id.* at *5. Mr. Son chose not to open and read the emails (both of which had "Travel Plan" on the subject lines), but the court determined that they nevertheless provided sufficient prior notice of the forum selection clause. *Id.* Accordingly, the court found the clause valid and enforceable against the plaintiffs. *Id.* In contrast, Plaintiffs here aver that they never made or saw arrangements for their travels and did not personally have opportunity to garner knowledge of any forum selection clause before arriving at the Atlantis resort prior to the incident in question.

For these reasons, this Court GRANTS Defendants' motion to dismiss the grounds of the

forum selection clause only as to Plaintiff Kenneth Howard.

## B. *Forum Non Conveniens*

The federal doctrine of *forum non conveniens* allows the Court to use its inherent power to dismiss an action because of the inconvenience of the plaintiff's chosen forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-07 (1947). Under the doctrine, dismissal is appropriate "when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Wilson v. Inland Seas Investments, Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009) (*quoting Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994). "A defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

Analytically, the court's examination is three-pronged. First, the court must consider whether an "adequate alternative forum" exists that has jurisdiction over the case. *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). Then, the court must consider whether private interest factors suggest that the court should disturb the strong presumption in favor of a plaintiff's choice of forum. *Id.* If the court finds that the private interest factors are indeterminate, the court must then proceed to consider whether considerations of public interest favor a trial in the foreign forum. *Id.* Dismissal is only warranted if these factors weigh heavily towards trial in the foreign forum. *Piper Aircraft*, 454 U.S. at 249. This weighted presumption in favor of the plaintiff's choice of forum is strongest when the plaintiff is a citizen or resident of the United States. *SME*

*Racks, Inc. v. Sistemas Mecanicos Para Electronica*, 382 F.3d 1097, 1102 (11th Cir. 2004).

### 1. Adequate Alternative Forum

The first step this Court takes is to determine whether an adequate alternate forum exists. *La Seguridad v. Transytur Line*, 707 F.2d 1304 (11th Cir. 1983). A district court must determine if the alternative forum is "adequate" and "available." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 578 F.3d at 1290. Availability and adequacy are separate issues. *Id.* For a foreign court to be available, it must be able to "assert jurisdiction over the litigation sought to be transferred." *Leon*, 251 F.3d at 1311. "A defendant's submission to the jurisdiction of an alternative forum renders that forum available for the purposes of a *forum non conveniens* analysis." *Bautista v. Cruise Ships Catering and Svc. Int'l*, 350 F. Supp. 2d 987, 991 (S.D. Fla. 2004). Regarding adequacy, it is "only in rare circumstances where the remedy offered by the other forum is so clearly unsatisfactory that the alternative forum may be regarded as inadequate." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 578 F.3d at 1290. "A remedy is inadequate when it amounts to no remedy at all." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 254. "The alternative forum prong of the analysis generally will be satisfied when the defendant is amenable to process in the other jurisdiction." *Id.*

The Defendants in this action are Bahamian corporations. (Def.Mot. 22.) Defendants claim that they are amenable to service of process in the Bahamas and consent to jurisdiction in the Bahamas. (Id.) Likewise, the Bahamian legal system recognizes negligence actions like Plaintiffs' claims in the instant case. *See Morrone v. Sun Intern. Hotels Ltd.*, Case No. 05-61600-Civ-Seitz/McAliley, at *5 (S.D. Fla. Sept. 22, 2006). Moreover, courts are loath to hold that other forums are inadequate. *See Leon*, 251 F.3d at 1311. Accordingly, Defendants have satisfied the

availability and adequacy inquiries, establishing the first prong of the *forum non conveniens* analysis.

## 2. Private Interest Factors

Once an adequate alternative forum has been established, the Supreme Court has directed district courts to consider the "private interest of the litigant" in reviewing the next prong of the *forum non conveniens* analysis. *Gulf Oil Corp.*, 330 U.S. at 508. If the court finds that private factors favor dismissal, the Court then determines whether or not factors of public interest tip the balance in favor of a trial in a foreign forum. *La Seguridad*, 707 F.2d at 1037. Factors considered to be in a litigant's private interest include the ease of access to sources of proof, availability of compulsory process for witnesses, cost of obtaining attendance of witnesses, ability to view the premises, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp.*, 330 U.S. at 508.

Plaintiffs are entitled to strong deference in their choice of forum. *Id.* The deference given to Plaintiff's choice of forum is especially strong in the Eleventh Circuit. Indeed, the Eleventh Circuit has "mandated that district courts require positive evidence of *unusually extreme* circumstances, and should be *thoroughly convinced* that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *SME Racks, Inc.*, 382 F.3d at 1101 (emphasis added). Nevertheless, "a citizen's forum choice should not be given dispositive weight." *Piper Aircraft*, 454 U.S. at 255.

In the instant case, Plaintiffs have chosen to file their complaint in the Southern District of Florida. This Court's analysis of private interest factors thus begins with the application of a "strong presumption against disturbing plaintiff's initial forum choice." *SME Racks, Inc.*, 382 F.3d at 1101.

This presumption can only be overcome with "positive evidence of unusually extreme circumstances," and the court must be "thoroughly convinced that material injustice is manifest." *Id.* at 1102.

The Defendants argue that the "vast majority" of evidence relevant to this dispute is in the Bahamas, including the accident scene, records regarding fish purchases, documents regarding health inspections, and medical records of Plaintiff Amy Howard. (Def.Mot. 22-23.) Plaintiffs, meanwhile, have noted that the accident scene is irrelevant, Plaintiff Amy Howard is already in possession of all of her hospital and treatment records and would be amenable to disclosing them, and many of the other important documents could be recovered from Defendants' agents and affiliates during discovery. *See* Aff. A. Howard, pp. 2, ¶ 10, Pl.Resp. 13. The Kerzner Defendants have not pointed to any specific documentary or other evidence that could not be obtained for trial in this district. *See Ward*, 2005 WL 2456191, at *4; *Doe v. Sun Int'l Hotels, Ltd.*, 20 F. Supp. 2d 1328, 1330 (S.D.Fla.1998) (plaintiff possessed all medical and treating records as well as factual incident reports made by Atlantis Hotel security personnel of alleged rape on hotel property; other documentation such as security reports and employee statements were within the defendants' control and therefore within the parties' access). This factor therefore does not weigh in favor of dismissal.

Notwithstanding the relative ease of access to documentary evidence, however, Defendants argue that access to witnesses and the ability to compel attendance at trial will prove difficult. Plaintiffs have identified nine witnesses under the supervision or control of the Atlantis who can be compelled to testify, but the fish vendors who supplied the alleged ciguatera-stricken fish and Bahamian doctor who diagnosed Ms. Howard cannot be. (Pl.Resp. 9.) These are third parties

unrelated to Defendants and if forced to litigate the matter in Florida, Defendants likely will not be able to compel these witnesses to give documents or testimony.

In *Ward v. Kerzner International Hotels Ltd.*, however, Judge Jordan held that the fact that several witnesses resided in the Bahamas was insufficient to overcome the strong presumption in favor of the plaintiff. 2005 WL 2456191 at *3 (S.D. Fla. Mar. 30, 2005). In that case, a majority of the significant witnesses were employees of the defendants who, defendants claimed, would appear voluntarily. *Id.* Similarly, in this case, few relevant Bahamian witnesses are not employees of the Atlantis resort. Looking at the quality of the witnesses who are not subject to this Court's subpoena power—rather than absolute numbers of potential witnesses—it appears that the most vital witnesses needed to resolve the issue of liability are employees of the Atlantis, or reside in North Carolina (not in the Bahamas).

The Supreme Court explained in *Gulf Oil* that the doctrine of *forum non conveniens* should be applied to avoid situations that will unfairly prejudice a defendant by rendering litigants unable to compel personal attendance of crucial witnesses, rendering defendants "forced to try cases on deposition." 330 U.S. at 511. Here, the Court finds that the witnesses who will most likely be able to address Plaintiffs' claims of negligent selection, selling, and provision of fish at the Atlantis Hotel are the Defendants' or their affiliates' employees or agents. The Defendants have not established that it would be unusually inconvenient or costly to transport these witnesses to South Florida. *See Ward*, 2005 WL 2456191 at *3. As for the other potential non-agent witnesses located in the Bahamas, such as the physicians who initially treated Plaintiff Amy Howard, the Defendants have not met their burden of establishing that live testimony is necessary to their defense or that the necessary evidence could not be procured through videotaped depositions, letters rogatory, or some

similar procedure. This factor does not therefore cut in favor of dismissal.

Another important private interest factor is the ability to implead potential third-party defendants. *See Piper Aircraft*, 454 U.S. 259-60 ("The District Court correctly concluded that the problems posed by the inability to implead potential third-party defendants clearly supported holding the trial in [the alternate forum]."). The Defendants argue this factor is important because neither they nor their affiliates owned, operated or controlled the fishermen from which the fish in question was purchased. They say that because the fishermen are located in the Bahamas, they are unlikely to be subject to this Court's jurisdiction and, therefore, the Defendants will not be able to implead them if this case remains in Florida. (Def.Mot. 10.) They claim severe prejudice if they are forced to litigate this case before a Florida jury without additional tortfeasors. (Id.)

Defendants analogize this case to *Miyoung Son*, 2008 WL 4186979, *4-5 (S.D. Fla. Sept. 5, 2008), where an individual staying at the Atlantis Hotel in the Bahamas was severely injured during a boating excursion booked through the hotel's Tour and Excursions Center. The injured plaintiff and her husband sued the excursion company for negligence and loss of consortium. *Id.* at *1. The court found that many of the "most vital witnesses needed to resolve the issue of liability" resided in the Bahamas. *Id.* at *8. Because these witnesses were outside the compulsory process of the court, the court concluded that the defendants "would be forced to defend claims of vicarious liability with limited benefit of evidence from persons actually involved in the incident giving rise to the claim." *Id.* In this way, *Miyoung Son* is significantly distinguishable from our case. The case at bar does not involve vicarious liability. In *Miyoung Son,* the plaintiffs did not argue direct negligence by the defendants, and the defendants could only defend their own case by compelling the attendance of the alleged direct tortfeasors. In contrast, Plaintiffs here seek to hold

-12-

the Defendants directly liable based on theories of negligent behavior in the provision of food and food preparation. *See, e.g., Sun Trust*, 184 F. Supp. 2d at 1264 (explaining that courts "look to the various theories of recovery in order to determine whether the joinder of [a] potential third-party is in fact crucial to the defendant's case); *c.f. Ward*, 2005 WL 2456191, at *3 n.4 ("Even assuming that there are third parties that need to be joined[,] the defendants have not established that it would be unduly burdensome to pursue a separate indemnification action against any such third parties in the Bahamas.").

The inability to implead other parties directly involved in a controversy is the factor weighing most heavily in favor of the Defendants' motion for dismissal. Nonetheless, given the deference the Court must give to Plaintiffs' choice of forum, this factor cannot determine dismissal of this case.

For the foregoing reasons, this Court finds that the Defendants have not satisfied their burden of setting forth "positive evidence of unusually extreme circumstances" sufficient to overcome the strong presumption in favor of Plaintiffs' choice of forum. *See Ward*, 2005 WL 2456191, at *4. The Defendants fail to provide arguments that " material injustice is manifest" such that the Court should be compelled to deny Plaintiffs access to United States courts. Paying special deference to the "strong presumption against disturbing plaintiff's initial forum choice," even giving due weight to the fact that some of Defendants' witnesses are in the Bahamas and the difficulty in impleading potential parties, on balance, the private interest factors weigh against granting dismissal on the grounds of *forum non conveniens. SME Racks, Inc.,* 382 F.3d at 1100.

## 3. *Public Interest Factors*

Although this Court finds that the private interest factors weigh against granting dismissal,

out of an abundance of caution, this Court still considers the public interest factors of this case. *See*

*Bautista v. Cruise Ships Catering and Svc. Int'l, N.V.*, 350 F. Supp. 2d 987, 991 (S.D. Fla. 2004)

(Dimitrouleas, J.). In *Gulf Oil,* the Supreme Court described the considerations of public interest

that district courts should consider on a motion to dismiss for *forum non conveniens*:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil*, 330 U.S. at 508-09. A court must also weigh the interest of the United States in providing

a domestic forum for its citizens. *See SME Racks*, 382 F.3d at 1104.

The Court's analysis begins with the proposition that Plaintiffs (both U.S. citizens) should not

be ousted from a U.S. forum. In *SME Racks,* the court made clear that the "United States has a strong

interest in providing a forum for its citizens' grievances against an allegedly predatory foreign

business." *Id.* The same court observed that "the United States also has an interest in litigation

involving the [] Defendants because they conduct business in the United States through their South

Florida offices." *SME Racks*, 382 F.3d at 1104. It is worth noting that "although the Southern District

of Florida has one of the busiest dockets in the United States" this factor should be accorded little

weight in the analysis. *Morse v. Sun Int'l Hotels Ltd.*, 2001 U.S. Dist. LEXIS 23488, at *24 (S.D.

Fla. Feb. 26, 2001). Court congestion should not therefore weigh in favor of dismissal.

The potential application of foreign law is another factor this Court considerd. While this Court

is capable of applying Bahamian law, the Court would be forced to rely on expert testimony and

-14-

evidence provided by the parties as to the substance of Bahamian law, which would add to the administrative burden of having the trial in this forum. However, this factor cannot be accorded "dispositive weight" as federal courts are often required to decide issues of foreign law. *Ward*, 2005 WL 2456191, at *5 (citing *SME Racks,* 382 F.3d at 1105 n.11). Moreover, Bahamian law is derived from English law and is similar to Florida law, and there are no language barriers to this Court's understanding of Bahamian law. *Id.*; *see also Sun Trust*, 184 F.Supp.2d at 1266. This factor thereby fails to weigh heavily in favor of dismissal.

The strongest factor in favor of dismissal is the fact that a jury composed of residents of Miami, Florida, has a minimal interest in adjudicating a dispute between citizens of North Carolina and citizens of the Bahamas for acts that occurred in the Bahamas. The people of Florida have little relation to this case. In contrast, the Bahamas has an interest in settling a dispute between its citizens and foreigners for activity that happened within its sovereign territory. This factor does weigh in favor of dismissal.

Ultimately, the Defendants have not provided a sufficiently convincing argument that manifest injustice will result if this case proceeds to trial in this forum. The public interest factors cut in favor of dismissal. The primary factor driving this decision is the United States' interest in providing a forum for its citizens in which to seek redress for injuries caused by foreign defendants who are subject to U.S. jurisdiction.

For the foregoing reasons, this Court DENIES Defendants' Motion to Dismiss on the grounds of *forum non conveniens.* The Bahamas is an adequate and available alternate forum, but the private and public interest factors weigh against dismissal. The Defendants, however, have leave to re-file a motion after the discovery period

Conclusion

THE COURT has considered the motion and the pertinent portions of the record, and being

otherwise fully advised in the premises, it is

ADJUDGED that the motion is GRANTED in part and DISMISSED in part. This Court

GRANTS Defendants' Motion to Dismiss as to Plaintiff Kenneth Howard on the basis of the forum

selection clause. This Court DENIES Defendants' Motion to Dismiss on all grounds as to Plaintiff

Amy Howard. Defendants have leave to re-file a motion to dismiss after the discovery period.

Defendants are required to answer Plaintiffs' complaint by October 11, 2013.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23ʳᵈ day of September,
**2013.**

_____
**FEDERICO A. MORENO**
**UNITED STATES DISTRICT JUDGE**

**Copies provided to:**

**Counsel of Record**

-16-